KING, Judge.
The issue presented by this appeal is whether the trial court was correct in granting judgment in favor of plaintiff in a suit on open account, together with attorney’s fees.
Lowray J. Chachere (hereinafter plaintiff) filed a suit on open account against Bren Lynn Corporation (hereinafter defendant) seeking payment of $2,627.80 for 56¾ cubic yards of concrete sold and delivered to defendant. Defendant filed an answer and a reconventional demand alleging that the concrete delivered was not the grade of concrete ordered and was defective and not suited for its intended purpose. The case was tried before the bench on June 16, 1988 and taken under advisement. On June 17, 1988, the trial court issued written reasons for judgment and rendered judgment in favor of plaintiff and against defendant in the amount of $2,627.80 together with attorney’s fees and court costs.
A formal written judgment was signed on June 23, 1988. From this judgment, defendant has timely appealed. We affirm.
FACTS
The facts of this suit are set forth in the trial court’s well written reasons for judgment, which we adopt and incorporate herein, by reference, which are as follows:.
“Plaintiff, Lowray J. Chachere, seeks to recover the sum of $2,627.80 representing 56¾ cubic yards of concrete sold to defendant Bren Lynn Corporation and delivered to defendant’s property at 210 1-10 Service Road, Rayne, Louisiana on September 17,1984. Mr. Elton J. Dugas, owner of Bren Lynn Corporation, has refused payment, claiming that the concrete delivered did not meet his requested specifications of a five (5) bag concrete mix, testing at 3,000 pounds after twenty-nine (29) days.
Mr. Dugas testified that at the time the concrete was poured, it appeared ‘soupy’ to him. He immediately notified plaintiff, who sent his son to inspect the concrete. After verifying that the mix was correct, Mr. Chachere’s son ordered that the remaining concrete be poured.
Ninety (90) days after the concrete was poured, Mr. Dugas had its strength tested by Mr. Joseph Guilbeaux of Louisiana Testing and Inspection, Inc. The results of this test revealed that the two (2) samples taken by Mr. Guilbeaux had a compressive strength of- 2,640 pounds and 2,590 pounds respectively. Although the strength of the samples tested under the 3,000 pounds that Mr. Dugas requested, Mr. Guilbeaux could not testify that the concrete was not initially measured as a five (5) bag mix. Mr. Guil-beaux listed several reasons why an initial mix of five (5) bags would not later test at 3,000 pounds, one being the subsequent addition of too much water to the mix.
Two (2) of the drivers who delivered the concrete to the Bren Lynn site, Mr. Johnny Gibson and Mr. Leroy Citizen, testified that they each measured five (5) bag mixes on pre-marked Toledo scales. When they arrived at the site, they both were told by the concrete finisher, a contractor hired by Mr. Dugas, to add more water to the mix. Both drivers testified that the finisher alone had authority to order more water poured into the mix. Their testimony was corroborated by Mr. Guilbeaux, who explained that this was common industry practice. The Court *142 finds, therefore, that a five (5) bag mix was properly measured by Mr. Chach-ere’s employees, but it was subsequently diluted upon the orders of Mr. Dugas’ agent, and this dilution caused the concrete to lose compressive strength.... ”
Accordingly, the trial court rendered judgment in favor of plaintiff and ordered that defendant pay $2,627.80, the amount due under the contract, together with $650.00 in attorney’s fees and all court costs.
Defendant appeals this judgment alleging three assignments of error which are as follows:
(1) The trial court erred in not finding the cement delivered by plaintiff to defendant was an inconsistent five (5) bag mix resulting in a defective product before leaving the manufacturer;
(2) The trial court erred in finding no defect in the concrete sold to defendant which rendered the concrete useless and so defective that defendant would not have purchased it had he known of its defect; and
(3) The trial court erred in awarding plaintiff attorney’s fees of $650.00, where there was no open account and no provision for attorney’s fees specifically agreed upon by the parties at the time of their contractual agreement.
LAW
In the first two assignments of error, defendant maintains that the trial court erred in making certain findings of fact. Defendant argues that the trial court should have found that the five (5) bag concrete mix delivered by plaintiff was defective, thereby rendering the concrete absolutely useless to defendant.
Recently, in Rosell v, Esco, 549 So.2d 840 (La.1989), the Louisiana Supreme Court reiterated the standard by which appellate courts must review findings of fact. The Court stated:
“It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Rosell v. Esco, 549 So.2d 840, at page 844 (La.1989).
The Court further stated that “[wjhere there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id. at 844.
After reviewing the entirety of the record, we cannot say that the trial court’s factual determinations are clearly wrong. Therefore, we find defendant’s first two assignments of error are without merit.
In the third assignment of error, defendant argues that the trial court should not have awarded attorney’s fees to plaintiff since no’open account existed between the parties.
LSA-R.S. 9:2781 governs open accounts and when attorney’s fees are due upon judgment being rendered in favor of a claimant. It states in pertinent part:
“A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of claimant. ...
[[Image here]]
C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, ‘open account’ includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future *143 transactions. ‘Open account’ shall include debts incurred for professional services, including, but not limited to, legal and medical services.... ”
The statute defines open account as “any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.” In this case, plaintiff delivered eight loads of concrete to defendant from September 17, 1984 through September 20, 1984. Upon delivery, plaintiff required that someone at defendant’s place of business sign a delivery ticket which included the amount and kind of concrete delivered. However, defendant was not formally billed by plaintiff until a statement was mailed on September 25, 1984. Clearly, this is the type of transaction that the statute defines as “open account”. If plaintiff complied with the remaining requirements in the statute, he is entitled to recover attorney’s fees upon judgment being rendered in his favor.
LSA-R.S. 9:2781 states that a person who fails to pay an open account within fifteen days of receipt of written demand correctly setting forth the amount owed shall be liable for reasonable attorney’s fees. The record reflects that written demand for payment of the balance of $2,627.80, together with copies of all invoices, was made upon defendant on June 19, 1985. When no payment was received, plaintiff then filed this suit on August 9, 1985. As we find all requirements of LSA-R.S. 9:2781 have been met, we find that the trial court was correct in awarding plaintiff reasonable attorney’s fees. We find no abuse of discretion in the award of the sum of $650.00 for attorney’s fees and that this sum is reasonable under the circumstances of this case.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.
FORET, J., concurs in part and dissents in part with written reasons.